FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ SEP 09 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

JULIE KAOUS,

                                  PLAINTIFF,    **COMPLAINT**

                                                           **ECF CASE**

-AGAINST-

NEW YORK CITY, POLICE OFFICER JOHN DOE 1,
POLICE OFFICER JOHN DOE 2, and AUXILIARY
POLICE OFFICER ADAM KAOUS, individually, and in
their capacities as members of the New York City Police
Department.

                                  DEFENDANTS.

CV 11 - 4353
SUMMONS ISSUED
TOWNES, J.
AZRACK, M.J.

------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff, Ms. Julie Kaous ("Ms. Kaous"), seeks relief for the violation of her rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claim arises from an incident that occurred on or about January 20, 2011, in which officers of the New York City Police Department acting under color of state law, intentionally and willfully subjected Ms. Kaous to *inter alia*, malicious prosecution and false arrest.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants as an award of costs and attorneys' fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Supplemental jurisdiction over plaintiff's state law claims is asserted pursuant to 28 USC 1367.

5. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within, and the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff Ms. Kaous is a United States citizen and at the time of the incident resided at 8716 3rd Avenue, Brooklyn, New York.

7. Ms. Kaous currently resides at a confidential address.

8. New York City is a municipal corporation organized under the laws of the State of New York.

9. Police Officer John Doe 1 ("PO John Doe 1") and Police Officer John Doe 2 ("PO John Doe 2") at all times here relevant were members of the New York City Police Department, and are sued in their individual and professional capacities.

10. Auxiliary Police Officer Adam Kaous ("Mr. Kaous") at all times here relevant was a member of the New York City Auxiliary Police, stationed at the 68th Precinct in Bay Ridge, Brooklyn, and at all times here relevant was a de facto member of the New York City Police Department, and is sued in his individual and professional capacities.

11. At all times mentioned, defendants were acting under color of state law under color of the statutes, ordinances, regulations, policies and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

12. Ms. Kaous is 32 years old and a mother of four children.

13. Ms. Kaous is originally from Colorado and moved to New York in 2003.

14. Ms. Kaous moved to New York to marry Mr. Kaous, whom she met on an internet dating site.

15. Mr. Kaous is 14 years older than Mrs. Kaous.

16. Ms. Kaous' former residence at 8716 3rd Avenue is within the confines of the 68th Precinct.

17. Soon after Mr. Kaous and Ms. Kaous were married, Mr. Kaous became both verbally and physically abusive to Ms. Kaous.

18. Ms. Kaous made numerous complaints at the 68th Precinct against Mr. Kaous for being abusive towards her.

19. Despite Ms. Kaous' complaints, Mr. Kaous was never arrested.

20. Mr. Kaous regularly taunted Ms. Kaous that, because of his friendship with members of the 68th Precinct, he could assault and abuse Ms. Kaous and he would not be arrested.

21. Mr. Kaous constantly threatened Ms. Kaous that he could have the police arrest her because he was a "cop".

22. Mr. Kaous also threatened Ms. Kaous that he could have the police take away her children.

23. On the morning of January 19, 2011, Mr. Kaous and Ms. Kaous began to argue verbally.

24. Mr. Kaous grabbed Ms. Kaous by the arms and repeatedly head-butted her, causing bruising and swelling to Ms. Kaous' body and face.

25. Ms. Kaous fled the apartment to avoid further attack by Mr. Kaous.

26. Ms. Kaous returned to the apartment shortly after.

27. Soon after Ms. Kaous returned home, PO John Doe, PO John Doe 2 and approximately four other police officers from the 68th Precinct arrived at the apartment.

28. Mr. Kaous spoke to the police officers outside of the apartment while Ms. Kaous remained inside.

29. PO John Doe 1 and another police officer then entered the Kaous' apartment.

30. PO John Doe 1 spoke to Ms. Kaous.

31. PO John Doe 1 told Ms. Kaous that Mr. Kaous alleged that she assaulted him.

32. Ms. Kaous explained to PO John Doe 1 that Mr. Kaous attacked her.

33. Ms. Kaous further explained to PO John Doe 1 that she never hit Mr. Kaous.

34. Mr. Kaous did not have any bruises or marks on his face or anywhere on his body.

35. PO John Doe 1 examined Ms. Kaous' hands and knuckles and noted that they were not marked or bruised.

36. PO John Doe 1 and the other police officer then left the Kaous' apartment.

37. Shortly after, PO John Doe 1, PO John Doe 2, the accompanying police officers and Mr. Kaous all entered the apartment.

38. PO John Doe 1 asked Ms. Kaous to step outside.

39. Once outside, PO John Doe 1, without legal justification or probable cause, arrested Ms. Kaous in front of her children.

40. Ms. Kaous asked PO John Doe 2 why she was being arrested.

41. PO John Doe 2 replied in sum and substance, "it should never have gone this far."

42. Ms. Kaous was handcuffed and placed in a marked police car.

43. Ms. Kaous was taken to the 68th Precinct where she was held overnight.

44. The next day Ms. Kaous was taken to Central Booking.

45. While at Central Booking Ms. Kaous was taken in an ambulance to hospital.

46. PO John Doe 1 escorted Ms. Kaous in the ambulance.

47. While in the ambulance, a paramedic asked PO John Doe 1 why Ms. Kaous had been arrested.

48. PO John Doe 1 replied in sum and substance, "I'm not the power that be. I don't know why we arrested her."

49. PO John Doe 1 then advised Ms. Kaous that she should go to Kings County Family Court to seek custody of her children from Mr. Kaous.

50. Following treatment at the hospital, Ms. Kaous was taken back to Central Booking and arraigned on charges of assault.

51. Mr. Kaous was granted an Order of Protection against Ms. Kaous.

52. Ms. Kaous was prevented from seeing her children for three weeks.

53. On or about Feb 2011, Mr. Kaous was arrested for endangering the welfare of Ms. Kaous' children, whom he had left at home unattended.

54. On or about June 2, 2011, all charges against Ms. Kaous were dismissed by the Kings County District Attorneys Office.

55. Ms. Kaous continues to feel traumatized by the events of January 11, 2011, and is wary and fearful when she sees NYPD officers. Ms. Kaous takes efforts to avoid police officers when in public.

56. Ms. Kaous suffered following the incident and had to endure three weeks without seeing her children.

57. As a result of the incident, Ms. Kaous feels fear, anxiety, emotional distress, frustration, embarrassment, humiliation, loss of liberty, and financial loss.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

58. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

59. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

60. Defendants have deprived plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

61. The defendants unreasonably and unjustifiably confined plaintiff.

62. Plaintiff was aware of, and did not consent to, her confinement.

63. The confinement was not privileged.

64. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed $375,000.00

## SECOND CAUSE OF ACTION

(42 USC 1983 – Malicious Prosecution)

65. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

66. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

67. Defendants have deprived plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was maliciously prosecuted by the defendants.

68. The malicious prosecution was initiated by the defendants without legal justification and without probable cause, in that the defendants caused the commencement and continuation of criminal proceedings against the plaintiff, the proceedings terminated in favor of the plaintiff, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

69. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed $ 375,000.00

## JURY DEMAND

70. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

> In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding $375,000.00, for each of plaintiff's causes of action;

Awarding plaintiff punitive damages in an amount to be determined by a jury;

Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated:   New York, New York
September 7, 2011

By: _____
Justin Delle Cave

PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075